UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION
Case No. _____

| | |
|---|---|
| BB&T EQUIPMENT FINANCE CORPORATION<br>5130 Parkway Plaza Blvd.<br>Charlotte, NC 28217-1964<br><br>    Plaintiff,<br><br>v.<br><br>OAK GROVE RESOURCES, LLC<br>200 Public Square, Ste. 3300<br>Cleveland, OH 44114<br><br>and<br><br>CLIFFS NATURAL RESOURCES INC.<br>200 Public Square, Ste. 3300<br>Cleveland, OH 44114<br><br>    Defendants. | **COMPLAINT** |

Plaintiff BB&T Equipment Finance Corporation ("BBTEF"), through the undersigned counsel, comes and complains of Defendants Oak Grove Resources, LLC ("Oak Grove") and Cliffs Natural Resources Inc. ("Cliffs"), as follows:

1. In this action, BBTEF seeks to enforce its rights under a mining equipment lease with Oak Grove and the accompanying guaranty agreement with Oak Grove's former parent company, Cliffs. The lease went into default when Cliffs sold Oak Grove, entitling BBTEF to all rent due, a Stipulated Loss Value specified by the lease, and payment of all other sums owing under the lease, including the costs and attorney's fees associated with this action. BBTEF has

made demand for these amounts on Oak Grove and Cliffs, but both have failed and refused to pay the outstanding indebtedness.

2. BBTEF also seeks a declaration that, pursuant to the terms of the lease, it has title to all equipment subject to the lease and, accordingly, has the right to possess the same.

## PARTIES & JURISDICTION

3. BBTEF is a North Carolina corporation with its headquarters in North Carolina.

4. Upon information and belief, Oak Grove is a Delaware limited liability company whose members are residents of states other than North Carolina.

5. Upon information and belief, Cliffs is an Ohio corporation with its headquarters in Ohio and, until recently, was the 100% owner of Oak Grove.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and, upon information and belief, complete diversity exists among the parties.

7. This Court has personal jurisdiction over Oak Grove and Cliffs because, upon information and belief, Oak Grove and Cliffs reside in this District.

8. Venue is proper in this Court pursuant to a forum selection clause contained in the subject lease. Venue is also appropriate pursuant to 28 U.S.C. § 1391, because, upon information and belief, Oak Grove and Cliffs reside in this District.

## FACTUAL BACKGROUND

9. BBTEF is a lender who provides financing for commercial equipment and vehicle leases and purchases.

10. Upon information and belief, Oak Grove operates a coal mine in Alabama.

11. Upon information and belief, Cliffs was, until recently, the 100% owner of Oak Grove.

12. On or about November 6, 2012, BBTEF and Oak Grove entered into a Master Equipment Lease Agreement ("Lease"). A true and correct copy of the Lease is attached hereto as Exhibit 1.

13. Together and in connection with the Lease, BBTEF and Oak Grove also executed Equipment Schedule No. 1 ("Equipment Schedule"). A true and correct copy of the Equipment Schedule is attached hereto as Exhibit 2.

14. The Equipment Schedule specifies the equipment subject to the Lease: two Joy Longwall Systems, Model 7LSID ("Equipment"), which are located in Alabama.

15. BBTEF's Capitalized Cost for the Equipment was $8,203,686.07, which also represents the amount BBTEF lent Oak Grove under the Lease and Equipment Schedule.

16. Pursuant to the Equipment Schedule, Oak Grove was required to repay BBTEF over 60 months by making quarterly rent payments of $437,074.26 commencing on February 6, 2013.

17. Under Section 19 of the Lease, title to the Equipment has "at all times remain[ed] in [BBTEF]" and Oak Grove has "acquire[d] no ownership, title, property, right, equity or interest in the Equipment other than its leasehold interest," and BBTEF has a first priority security interest in all of Oak Grove's title and interest in the Equipment.

18. Also on or about November 6, 2012, Cliffs executed a Corporate Guaranty ("Guaranty"). A true and correct copy of the Guaranty is attached hereto as Exhibit 3.

19. Under the Guaranty, Cliffs guaranteed payment of Oak Grove's obligations under the Lease and Equipment Schedule, in the event Oak Grove fails to pay the same.

3

20. Section 16 of the Lease establishes Events of Default and Remedies.

   a. Section 16(a)(iv) specifies that an Event of Default occurs if Oak Grove or Cliffs has "consolidated with, merged with or into, or conveyed, sold or otherwise transferred all or substantially all of its assets to another entity, . . . unless prior to the consummation of such transaction," Oak Grove or Cliffs obtains written approval from BBTEF.

   b. Section 16(a)(viii) specifies that an Event of Default occurs with "a material adverse change in [Oak Grove's] or [Cliffs'] existing or prospective financial condition or results of operations since the date [of execution] which may affect the ability of [Oak Grove] or [Cliffs] to perform its obligations under the Lease [] or the Guaranty . . ."

   c. Section 16(a)(ix) establishes that an Event of Default occurs if "the owners of the capital stock or other units of ownership on the date of [the Lease] entitled to vote for the election of the Board of Directors of [Oak Grove] or other similar governing body cease to own, either directly or indirectly, or do not have the unencumbered right to vote in the aggregate at least eighty-five percent (85%) of such capital stock or other ownership interest of [Oak Grove]."

21. On December 22, 2015, Cliffs issued a "News Release" announcing that it had closed the sale ("Sale") of Oak Grove to a buyer who assumed all Oak Grove's liabilities. A true and correct copy of the News Release is attached hereto as Exhibit 4.

22. According to the News Release, the Sale closed on December 22, 2015 and divested Cliffs' entire 100% equity interest in Oak Grove.

23. Neither Cliffs nor Oak Grove sought BBTEF's written approval of the transaction and BBTEF did not approve the transaction.

24. The Sale constituted an Event of Default under Sections 16(a)(iv), (viii), and (ix) of the Lease.

25. Section 16(b) of the Lease affords BBTEF certain remedies in the event of a default, including the right to demand return of the equipment or to file a suit seeking damages and/or specific performance.

26. In the alternative to Section 16(b)'s remedies, Section 16(c) of the Lease provides, "[Oak Grove] shall pay to Lessor on demand the sum of (i) any and all rent which is then due or which has accrued to the date of demand and . . . an amount equal to the Stipulated Loss Value (as set forth in the related Equipment Schedule) as of the rent Payment Date on or immediately preceding the date of demand for the Equipment as [BBTEF] shall specify . . .'"

27. The Guaranty acknowledges that BBTEF "may, upon any breach or default of [Oak Grove], or at any time thereafter, make demand upon Cliffs and receive payment and performance of the Obligations. If [Oak Grove] and Cliffs fail to make payment after demand, then suit may be brought and maintained against Cliffs, at [BBTEF's] election . . ."

28. On January 20, 2016, after the Events of Default were triggered by the Sale, BBTEF demanded ("Demand") from Cliffs and Oak Grove payment of $3,598,478.64, which constitutes the amount due under the Lease, including the February 6, 2016 rental payment, Stipulated Loss Value, and late payment fees. A true and correct copy of the Demand is attached hereto as Exhibit 5.

29. Oak Grove and Cliffs have failed and refused to pay the amounts due as a result of Oak Grove's default.

## FIRST CLAIM FOR RELIEF
### (Breach of Lease – Oak Grove)

30. BBTEF incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

31. The Lease constitutes a valid contract between Oak Grove and BBTEF.

32. The Sale constituted at least three different Events of Default under the Lease., entitling BB&T to damages as specified in § 16(c).

33. BBTEF demanded payment from Oak Grove of the amounts due as a result of the Events of Default, but Oak Grove failed and refused to pay.

34. As a result of Oak Grove's default, BBTEF has been damaged in an amount to be proven at trial of at least $3,598,478.64.

35. Further, § 21(a) of the Lease entitles BBTEF to recover the costs and expenses of this action, including reasonable attorney's fees.

## SECOND CLAIM FOR RELIEF
### (Breach of Guaranty – Cliffs)

36. BBTEF incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

37. The Guaranty constitutes a valid contract between BBTEF and Cliffs.

38. Upon a default by Oak Grove, the Guaranty requires Cliffs to satisfy Oak Grove's obligations under the Lease.

39. Following Oak Grove's defaults, BBTEF demanded that Cliffs pay the amounts Oak Grove owed under the Lease, but Cliffs failed and refused to pay.

40. As a result of Cliffs' breach of the Guaranty, BBTEF has been damaged in an amount to be proven at trial of at least $3,598,478.64.

41. Further, pursuant to the Guaranty, Cliffs is obligated to pay BBTEF's costs, expenses, and attorney's fees incurred in bringing this action resulting from Oak Grove's defaults.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment)

42. BBTEF incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

43. Pursuant to Ohio Revised Code § 2721.02, BBTEF seeks a declaration that it owns the Equipment and Oak Grove must return the Equipment to BBTEF in accordance with the Lease.

44. Upon information and belief, Oak Grove possesses the Equipment at 8360 Taylors Ferry Road, Bessemer, Alabama 35023.

45. Under the Lease, Title to the Equipment has at all times remained with BBTEF. Further, BBTEF has a first priority security interest in all of Oak Grove's right, title, and interest to the Equipment.

46. Accordingly, BBTEF seeks a declaration that it has title to the Equipment and has the right to possess the same.

## FOURTH CLAIM FOR RELIEF
### (Specific Performance)

47. BBTEF incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

48. Section 16(b)(i) of the Lease provides that, in the Event of Default, Oak Grove shall assemble any or all of the Equipment at the location designated by BBTEF and/or return

promptly, at Oak Grove's expense, any and all of the Equipment to BBTEF at such location, in the condition and otherwise in accordance with all of the terms of Section 14 of the Lease.

49. Section 14 of the Lease provides the Equipment's required return condition.

50. Section 16(b) of the Lease authorizes BBTEF to bring an action seeking specific performance of the obligations imposed by the Lease.

51. Accordingly, BBTEF is entitled to an order requiring Oak Grove to specifically perform its obligation to return the Equipment to BBTEF.

Wherefore, BBTEF prays the Court grant the following relief:

1. For damages against Oak Grove and Cliffs, jointly and severally, in an amount to be proven at trial of at least $3,598,478.64;

2. For a declaration that BBTEF has title to and the right to possess the Equipment;

3. For an order requiring Oak Grove to deliver the Equipment to BBTEF in accordance with the requirements of the Lease;

4. That the costs and expenses of this action, including a reasonable attorney's fee, be taxed against Oak Grove and Cliffs;

5. For pre and post judgment interest as allowed by law; and

6. For such other and further relief as this Court deems just and proper.

This the 18th day of March, 2016.

        WELTMAN, WEINBERG & REIS CO., L.P.A.

        /s/*Matthew G. Burg*
        Jennifer Monty Rieker (#0076409)
        Matthew G. Burg (#0072556)
        Lakeside Place, Suite 200
        323 West Lakeside Avenue
        Cleveland, OH 44113
        P: (216) 685-1136/(216) 685-1111
        F: (216) 685-4345
        E: jmontyrieker@weltman.com /mburg@weltman.com
        Counsel for BB&T Equipment Finance Corporation