## CORPORATE GUARANTY

Date: November 6, 2012

To induce **BB&T EQUIPMENT FINANCE CORPORATION**, a North Carolina corporation (together with its successors and assigns, "**Lessor**"), to enter into that certain Master Equipment Lease Agreement dated as of November 6, 2012 (the "**Lease**"), together with all equipment schedules executed pursuant thereto and any other agreements, documents or instruments entered into, or to be entered into, in connection with the Lease (together with the Lease, collectively, the "**Account Documents**") with **OAK GROVE RESOURCES, LLC**, a Delaware limited liability company ("**Customer**"), but without in any way binding Lessor to do so, **CLIFFS NATURAL RESOURCES INC.**, an Ohio corporation ("**Cliffs**"), for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, does hereby in this Corporate Guaranty (this "**Guaranty**") unconditionally and irrevocably guarantee to Lessor, the due regular and punctual payment of any sum or sums of money which the Customer may owe to Lessor now or at any time hereafter under the Account Documents, whether such sum or sums represent interest, default interest, rent, late charges, indemnities, an original balance, an accelerated balance, liquidated damages, stipulated loss values, a balance reduced by partial payment, a deficiency after sale or other disposition of any leased equipment, collateral or security, or any other type of sum of any kind whatsoever that the Customer may owe to Lessor now or at any time hereafter (all such payment and performance obligations being collectively referred to as "**Obligations**"). Cliffs does hereby further guarantee to pay upon demand all losses, costs, attorneys' fees and expenses which may be suffered by Lessor by reason of Customer's default.

This Guaranty is a guaranty of prompt payment. Nothing herein shall require Lessor to exhaust all remedies against the Customer, its successors and assigns, or any other person obligated with respect to the Obligations, or to first foreclose, exhaust or otherwise proceed against any leased equipment, collateral or security which may be given in connection with the Obligations. It is agreed that Lessor may, upon any breach or default of the Customer, or at any time thereafter, make demand upon Cliffs and receive payment and performance of the Obligations. If Customer and Cliffs fail to make payment after demand, then suit may be brought and maintained against Cliffs, at Lessor's election, without joinder of the Customer or any other person as parties thereto. The obligations of Cliffs under this Guaranty shall be joint and several with any other guarantor of the Obligations, if any.

Cliffs agrees that its obligations under this Guaranty shall be unaffected by any of the following actions or circumstances: (a) any extension, renewal, amendment, change, waiver or other modification of the Account Documents or any other document; (b) the absence of, or delay in, any action to enforce the Account Documents, this Guaranty or any other document; (c) the release of, extension of time for payment or performance by, or any other indulgence granted to the Customer or any other person with respect to the Obligations by operation of law or otherwise; (d) the existence, value, condition of, or failure to have title to or perfect and maintain a security interest in, or the time, place and manner of any sale or other disposition of any leased equipment, collateral or security given in connection with the Obligations, or other impairment of the rights of Cliffs; (e) the Customer's voluntary or involuntary bankruptcy, assignment for the benefit of creditors, reorganization, or similar proceedings affecting the Customer or any of its assets; or (f) any change in ownership of the Customer such that it is no longer a wholly-owned direct or indirect subsidiary of Cliffs. Cliffs waives any and all defenses (other than payment in full of the Obligations), claims, setoffs and discharges of Customer or

1

1457

any other person pertaining to the Obligations, and further waives any and all defenses and discharges available to a surety, guarantor or accommodation co-obligor.

This Guaranty, the Account Documents and the Obligations may be assigned by Lessor, without the consent of Cliffs. Cliffs agrees that if it receives written notice of an assignment from Lessor, Cliffs will pay all amounts due hereunder to such assignee or as instructed by Lessor in such written notice. Cliffs also agrees to confirm in writing receipt of the notice of assignment as may be reasonably requested by assignee. Cliffs hereby waives and agrees not to assert against any such assignee any of the defenses set forth in the immediate preceding paragraph.

Cliffs agrees that this Guaranty shall remain in full force and effect or be reinstated (as the case may be) if at any time payment or performance of any of the Obligations (or any part thereof) is rescinded, reduced or must otherwise be restored or returned by Lessor, all as though such payment or performance had not been made. If, by reason of any bankruptcy, insolvency or similar laws effecting the rights of creditors, Lessor shall be prohibited from exercising any of Lessor's rights or remedies against the Customer, then, as between Lessor and Cliffs, such prohibition shall be of no force and effect, and Lessor shall have the right to make demand upon, and receive payment from, Cliffs of all amounts and other sums that would be due to Lessor upon a default with respect to the Obligations.

Cliffs warrants that it has adequate means to obtain from the Customer on a continuing basis financial data and other information regarding the Customer and is not relying upon Lessor to provide any such data or any information. Without limiting the foregoing, notice of adverse change in the Customer's financial condition or of any other fact which might materially increase the risk of Cliffs is also waived. All settlements, compromises, accounts stated and agreed balances made in good faith between the Customer, its successors or assigns, and Lessor shall be binding upon and shall not affect the liability of Cliffs, except to the extent that amounts due are adjusted. At all times during the life of this Guaranty Cliffs shall be liable only for those amounts due and owing by Customer.

This Guaranty, including all matters of construction, validity and performance, shall be construed in accordance with the laws of the State of Ohio in the United States of America.

CLIFFS HEREBY UNCONDITIONALLY WAIVES ITS RIGHT TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF, DIRECTLY OR INDIRECTLY, THIS GUARANTY, THE OBLIGATIONS GUARANTEED HEREBY, ANY OF THE RELATED DOCUMENTS, AND ANY DEALINGS BETWEEN THE PARTIES RELATING TO THE SUBJECT MATTER HEREOF OR THEREOF, AND/OR THE RELATIONSHIP THAT IS BEING ESTABLISHED BETWEEN THE PARTIES.

As used in this Guaranty, the word "person" shall include any individual, corporation, limited liability company, partnership, joint venture, association, joint-stock company, trust, unincorporated organization, or any government or any political subdivision thereof.:

This Guaranty is intended by the parties as a final expression of the guaranty of Cliffs and is also intended as a complete and exclusive statement of the terms thereof. No course of dealing, course of performance or trade usage, nor any paid evidence of any kind, shall be used to supplement or modify any of the terms hereof. Nor are there any conditions to the full effectiveness of this Guaranty. This Guaranty and each of its provisions may only be waived, modified, varied, released, terminated or surrendered, in whole or in part, by a duly authorized written instruments signed by Lessor, such authorization not to be unreasonably withheld. No

failure by Lessor to exercise Lessor's right hereunder shall give rise to any estoppel against Lessor, or excuse Cliffs from performing hereunder. Lessor's waiver of any right to demand performance hereunder shall not be a waiver of any subsequent or other right to demand performance hereunder.

This Guaranty shall bind Cliffs, Cliffs' successors and assigns and the benefits thereof shall extend to and include Lessor and Lessor's successors and assigns. Cliffs hereby agrees to comply with the financial reporting requirements applicable to Cliffs set forth in Section 12(d) of the Lease.

If any provisions of this Guaranty are in conflict with any applicable statute, rule or law, than such provisions shall be deemed null and void to the extent that they may conflict therewith, but without invalidating any other provisions hereof.

IN WITNESS WHEREOF, this Guaranty is executed the day and year above written:

CLIFFS NATURAL RESOURCES INC.

By: _____
(Signature)

Title: TERRANCE M. PALADIE
SVP & CFO
(Printed Name and Title)

ATTEST:

_____
Secretary/Assistant Secretary
JAMES D. GRAHAM
VP, GENERAL COUNSEL, GLOBAL OPERATIONS
Printed Name

1950272 4

3